## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HAYDEN MARSH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HOMESITE INDEMNITY COMPANY, ) <br> ) <br> Defendant. ) <br> ) | Case No. 24-cv-00531-JDR-SH |

### **OPINION AND ORDER**

Before the Court is Plaintiff's motion to compel a response to its second discovery requests to Defendant. The Court finds no order is necessary as to the requests for admission but compels a response to the requests for production.

### **Background**

On February 11, 2025, Plaintiff Hayden Marsh served his second set of written discovery requests on Defendant Homesite Indemnity Company. (ECF Nos. 27-1 at 8; ECF No. 27-2.) The requests included four requests for admission and 12 requests for production. (ECF No. 27-1 at 5–7.) Under the federal rules, Homesite's answers to the requests for admission and responses to the requests for production were due in 30 days, or by March 13, 2025.[1] *See* Fed. R. Civ. P. 34(b)(2)(A), 36(a)(3). According to Marsh,

---

[1] Marsh states the requests were served on February 13, 2025, apparently counting from the date the requests were <u>received</u> by Homesite and not from the date they were <u>mailed</u> by Marsh. (ECF No. 27 at 2.) This is incorrect. Service of discovery papers is governed by Rule 5. *See* Fed. R. Civ. P. 5(a)(1)(C). Pursuant to Rule 5, service may be made by "mailing it to the person's last known address--in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). Under Rule 6, then, the 30 days starts the next day after the date of mailing and includes every calendar day. Fed. R. Civ. P. 6(a)(1). Because the requests were mailed on February 11, 2025, the Court counts 30 days starting on February 12, 2025—resulting in a response deadline of Thursday, March 13, 2025.

despite the parties conferring in good faith, Homesite has completely failed to answer or respond. (ECF No. 27 at 1.)

Marsh, therefore, filed a motion to compel the answers and responses on May 9, 2025. (ECF No. 27.) Pursuant to the local rules, Homesite's response to the motion to compel was due on May 23, 2025. *See* LCvR 37-2(e). Homesite has failed to respond to Marsh's motion, which may be deemed confessed. *See* LCvR 7-1(e).

Even so, the Court has independently reviewed Marsh's motion, treating its factual assertions as uncontested. The Court finds that no additional relief is required as to the requests for admission but that an order compelling responses to the requests for production is warranted.

## Analysis

I. **Homesite Has Admitted RFA Nos. 6–9 and No Additional Relief Is Necessary**

The federal rules do not expressly contemplate a motion to compel answers to requests for admission,[2] and for good reason. Under Rule 36, a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). As a result, having failed to answer or object, Homesite has now admitted the matters referenced in Requests for Admission Nos. 6–9, and no further order of the Court is necessary. *See, e.g., Smith v. Pac. Bell Tel. Co.*, 662 F. Supp. 2d 1199, 1229 (E.D. Cal. 2009) (noting that failure to respond results in "automatic admission of the matters" because Rule 36(a) is "self-executing" (quoting

---

[2] Instead, Rule 37 provides that a party seeking discovery may move to compel if, among other things, a party fails to answer an interrogatory or fails to produce documents. Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv).

*F.T.C. v. Medicor LLC*, 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002)).  The matters are now conclusively established unless Homesite obtains an order for withdrawal or amendment under the test articulated by *Raiser v. Utah County*, 409 F.3d 1243, 1246 (10th Cir. 2005).  *See also Jiles v. Wright Med. Tech., Inc.*, 313 F. Supp. 3d 822, 851 (S.D. Tex. 2018) (after an automatic admission for failure to answer, it is the admitting party's responsibility to seek relief from the deemed admissions).

## II. The Court Will Compel Homesite to Respond to the Request for Production Nos. 28–39

It is undisputed that Homesite has wholly failed to respond to Marsh's requests for production within the time allowed.  Marsh has certified that he conferred in good faith with the Homesite in an effort to obtain the discovery without court action.  *See* Fed. R. Civ. P. 37(a)(1).  This is the court where the action is pending, and Homesite is a party.  *See* Fed. R. Civ. P. 37(a)(2).  Marsh is entitled to an order compelling production.  *See* Fed. R. Civ. P. 37(a)(3)(B)(iv).

IT IS THEREFORE ORDERED that Plaintiff's *Motion to Compel* (ECF No. 27) is GRANTED IN PART.  Defendant Homesite Indemnity Company shall respond to Request for Production Nos. 28–39 by June 3, 2025.  The remainder of Plaintiff's motion is DENIED AS MOOT.

ORDERED this 25th day of May, 2025.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT